# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 22-112** |
| **RONNIE DAVIS** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a pro se "Motion for Relief" from the Final Judgment[1] filed by Defendant, Ronnie Davis.[2] The Court ordered the Government to file a response.[3] The Government subsequently filed an opposition to the motion.[4]

## BACKGROUND

On January 31, 2023, Defendant pleaded guilty to a one count indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2).[5] On May 2, 2023, the Court sentenced Defendant to a term of imprisonment of fifty-seven months and three years of supervised release, which was made final fourteen days later on May 16, 2023.[6] On October 3, 2023, Defendant filed a *pro se* "Motion for Sentencing Transcript."[7] Apparently, Defendant believed the Amendments to the Sentencing Guidelines promulgated by the United States Sentencing Commission and effective November 1, 2023, might bear on his sentence.[8] The Court

---

[1] R. Doc. 40.
[2] R. Doc. 47.
[3] R. Doc. 48.
[4] R. Doc. 49.
[5] R. Doc. 31.
[6] R. Docs. 39, 40; *see* FED. R. APP. P. 4(b)
[7] R. Doc. 42.
[8] *See Adopted Amendments (eff. November 1, 2023)*, United States Sentencing Commission, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited December 20, 2024) [https://perma.cc/PS2S-WETN].

ordered the Federal Public Defender to appoint counsel to represent Defendant,[9] and counsel enrolled.[10] On February 7, 2024, the Court entered an order denying a sentence reduction, as Defendant is not eligible for a sentence reduction under the retroactive portions of the Amendments to the Sentencing Guidelines.[11] The Court denied the motion for sentencing transcript as moot.[12]

Defendant filed the instant motion on October 22, 2024, seeking the Court to vacate, set aside, or correct his original sentence imposed on May 2, 2023 because 18 U.S.C. § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him under *New York State Rifle & Pistol Association, Inc., v. Bruen*.[13] The Government argues the Court should deny Defendant's motion because it is untimely.[14]

Defendant does not identify the procedural avenue by which he seeks relief from his sentence. The Court broadly construes his *pro se* motion as seeking relief under 28 U.S.C. § 2255.[15]

## LEGAL STANDARD

Pursuant to § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct the sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States . . . ."[16] "Section 2255 provides

---

[9] R. Doc. 43.

[10] Counsel never filed anything on the record or otherwise made an appearance.

[11] R. Doc. 45.

[12] R. Doc. 46.

[13] R. Doc. 47, p. 2; 597 U.S. 1 (2022). Defendant's motion was docketed as a "motion for reconsideration" of the Court's judgment sentencing him on May 2, 2023. *See* R. Doc. 47. Defendant also points out that his "priors don't qualif[y] under the provision criteria as a violent felony or serious drug crime," but he does not make any further argument on this point. *Id.* at p. 2.

[14] *See generally* R. Doc. 49.

[15] 28 U.S.C. § 2255; *see United States v. Feliz*, 537 F. App'x 406, 407 (5th Cir. 2013) ("Courts must liberally construe pleadings filed by pro se litigants, and it is the substance of those pleadings, rather than their labels, that is determinative.") (reversing a district court's denial of a motion under Rule 60(b) for failing to construe the motion under § 2255).

[16] § 2255(a).

the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentence.'"[17] Section 2255(f) provides that a one year statute of limitation applies to § 2255 motions. "The limitation period shall run from the latest of—

    (1)    the date on which the judgment of conviction became final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[18]

## LAW AND ANALYSIS

The Court first assesses whether Defendant timely filed his motion to vacate within the one-year statute of limitations period. Under § 2255(f)(1), "the limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final." Defendant filed his motion on October 22, 2024.[19] A conviction is final upon expiration of the 14-day period for filing a direct appeal pursuant to Rule of Appellate Procedure 4(b).[20] Defendant was sentenced on May 2, 2023, and his conviction became final fourteen days later on May 16, 2023 when he failed to file an appeal.[21] Absent any tolling

---

[17] *Cox v. Warden, Fed'l Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).
[18] § 2255(f).
[19] R. Doc. 47.
[20] *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that if a defendant does not file a direct appeal of their conviction, the judgment becomes final when the time to file an appeal expires); FED. R. APP. P. 4(b) (allowing fourteen days from the entry of judgment for a criminal defendant to file a notice of appeal).
[21] R. Doc. 40.

of the limitation period, Defendant filed his motion over one year from the date his conviction became final, rendering the motion untimely under that provision.[22]

The Court next assesses whether the limitation period has been tolled by another provision of § 2255(f). The § 2255 limitation period may be tolled when "(1) government action impeded the prisoner from filing his or her motion; (2) the prisoner asserts a constitutional right *newly recognized* by the Supreme Court and declared retroactive; (3) the factual predicate of the prisoner's claim could not have been discovered using due diligence; or (4) the petitioner is entitled to equitable tolling."[23]

In his motion, Defendant argues he is entitled to relief from judgment based on the Supreme Court decision in *New York State Rifle & Pistol Association v. Bruen*.[24] Defendant argues "the Second Amendment right is exercised individually and belongs to [a]ll Americans . . . . This includes felons, [and] unlawful drug users under 922(g)(1) . . . unconstitutional 922(g) regulations violate the Second Amendment . . . right of '[t]he people' the right to keep and bear arms."[25] Defendant argues "the Supreme Court has now commanded lower courts to be more forceful guardians of the right to keep and bear arms, by establishing a new framework for lower courts to apply under the Second Amendment."[26] Defendant argues the Court should "[o]rder [d]ismissal of the 922(g)(1) Count due to it being unconstitutional, after *Bruen* and due to the Second Amendment const[itutional] violation."[27] The Court construes Defendant's arguments under § 2255(f)(3), that the *Bruen* decision created a "newly recognized" rule of constitutional law

---

[22] *Id.*

[23] *United States v. Arana*, No. CR 20-110, 2024 WL 2746802, at *3 (E.D. La. May 29, 2024) (emphasis added).

[24] 597 U.S. 1 (2022).

[25] R. Doc. 47, p. 9.

[26] *Id.*

[27] *Id.* at p. 10.

that applies retroactively.[28]

**I.    At the time of Defendant's sentencing, *Bruen* had already been decided.**

Under § 2255(f)(3), a movant has "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"[29] "Section 2255(f)(3) applies only if the right has been (1) 'newly recognized' by the Supreme Court *and* (2) made retroactively applicable to cases on collateral review."[30] A Court must analyze whether "a case announces a 'new rule' that may be asserted retroactively on collateral review."[31] "'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.'"[32]

The Court finds Defendant's arguments unpersuasive. First, *Bruen* was decided on June 23, 2022.[33] Defendant was not sentenced until May 2, 2023.[34] In *Dodd v. United States*, the Supreme Court interpreted the limitation period under § 2255(f)(3) and held that "if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."[35] *Bruen* was decided prior to Defendant's sentencing, and, as a result, it was applicable at the time his conviction was made final. *Bruen* did not promulgate a "new

---

[28] *See* 28 U.S.C. § 2255(f)(3); *see, e.g.*, *Kraut v. United States*, No. 3:18-CR-462-K-1, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024) ("To overcome the limitations period, Movant appears to rely on § 2255(f)(3). He cites *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022), and *United States v. Rahimi*, ––– U.S. ––––, 144 S. Ct. 1889, 1897-98, 219 L.Ed.2d 351 (2024). Ostensibly, he asserts that the Supreme Court decisions created a new rule of constitutional law that applies retroactively for purposes of § 2255(f)(3).") (internal citations omitted).
[29] *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting 28 U.S.C. § 2253(f)(3)).
[30] *Id.* at 358.
[31] *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019).
[32] *Id.* at 507 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).
[33] 597 U.S. at 1.
[34] R. Doc. 40.
[35] *Dodd v. United States*, 545 U.S. 353, 357 (2005).

rule" *after* the date of Defendant's sentencing. Furthermore, the Supreme Court has explained that the provision "identifies one date and one date only as the date from which the 1–year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"[36] One year from the date of the *Bruen* decision was June 23, 2023, and Defendant filed his motion on October 22, 2024.[37] The Court finds § 2255(f)(3) also is inapplicable to Defendant's case on this basis.

## II. *Bruen* does not create a "newly recognized right" under the Second Amendment to attack Defendant's sentence. Fifth Circuit courts have further recognized that *Bruen* does not apply retroactively on collateral review.

Even if the *Bruen* decision did somehow set forth a "newly recognized" right after the date of Defendant's sentencing, the Court need not determine the constitutionality of § 922(g)(1) post-*Bruen* "because Defendant has failed to establish that *Bruen* applies retroactively to a criminal case on collateral review" as required by § 2255(f)(3).[38] "The holdings in . . . *Bruen* did not announce a new rule that may be asserted retroactively on collateral review."[39] Assuming *arguendo* that the Court were to address the constitutionality of § 922(g)(1) post-*Bruen*, several courts within the Fifth Circuit have determined that the *Bruen* decision does not set forth a "new rule" as to § 922(g)(1) and is consistent with Fifth Circuit precedent, which recognizes § 922(g)(1) as constitutional based on the text and history of the Second Amendment.[40] The Supreme Court in *Bruen*

---

[36] *Id.* at 358.

[37] R. Doc. 47.

[38] *United States v. Arana*, No. CR 20-110, 2024 WL 2746802, at *4 (E.D. La. May 29, 2024).

[39] *Kraut*, 2024 WL 4544122 at *3; *Contreras-Orosco v. United States*, No. 3:17-CR-00258-M-1, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024).

[40] *United States v. Thompson*, 670 F. Supp. 3d 381, 385-86 (E.D. La. 2023); *United States v. Clay*, 2023 WL 3059155, at *2 (S.D. Tex. Apr. 23, 2023) ("[T]he Fifth Circuit has previously held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. Nothing in *Bruen* changed those holdings, which remain binding."); *Kraut*, 2024 WL 4544122 at *2-3; *United States v. Grinage*, 2022 WL 17420390, at *3 (W.D. Tex. Dec. 5, 2022) ("Nothing in the *Bruen* decision calls into question the precedential effect of Fifth Circuit decisions finding § 922(g)(1) constitutional based on the Second Amendment's text and history.").

held that

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."[41]

The Court further held that the Second Amendment protects the rights of "ordinary, law-abiding citizen[s]," not the rights of felons.[42] Recently, in *United States v. Diaz*, the Fifth Circuit agreed and rejected facial and as-applied challenges to § 922(g)(1), holding that § 922(g)(1) is "consistent with this Nation's historical tradition of firearm regulation."[43]

As a result, Defendant's motion is untimely under § 2255(f), which provides for a one-year period of limitation from the date on which the judgment of conviction became final.[44] "[L]ater filings [from that date] are permitted where subparagraphs (2)-(4) [of 2255] apply."[45] Defendant's § 2255(f)(3) arguments are without merit because the Supreme Court decided *Bruen* prior to the date of Defendant's sentencing.[46] *Bruen* could not have established a "newly recognized" right after the date of his sentencing. Even if *Bruen* somehow was newly applicable to Defendant's case, the Supreme Court in *Bruen* did not hold that the case either established a newly recognized right or made that right retroactively applicable on collateral review.[47] The Fifth Circuit has determined the same.[48] Defendant does not argue that any other provision of § 2255(f) tolls the limitation

---

[41] *Bruen,* 597 U.S. at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).

[42] *Id.* at 9.

[43] 116 F.4th 458, 472 (5th Cir. 2024) (citing *Bruen*, 597 U.S. at 17); *see also Contreras-Orosco*, 2024 WL 4341551 at *2.

[44] 28 U.S.C. § 2255(f)(1).

[45] *Dodd v. United States*, 545 U.S. 353, 357 (2005).

[46] *Bruen*, 597 U.S. at 1.

[47] *Id.* at 26 ("The test that we set forth in *Heller* and apply today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding.").

[48] *Diaz*, 116 F.4th at 472 (holding that 18 U.S.C. § 922(g)(1) is "consistent with this Nation's historical tradition of firearm regulation" and is constitutional) (citing *Bruen*, 597 U.S. at 17). The Court notes that district courts are "not free to overturn" Fifth Circuit precedent either before or after the *Bruen* decision.

period on his claim either by government action or newly discovered facts, and the Court finds that none is applicable.

### III.    Defendant is not otherwise entitled to equitable tolling.

*Bruen* was decided prior to the Defendant's sentencing and it did not create a "newly recognized" right applicable to Defendant's case. Nor did the Supreme Court announce a rule of retroactivity in *Bruen* such that it could form the basis of a § 2255(f)(3) motion.[49] Even if it did, Defendant has not carried his burden of establishing he is otherwise entitled to equitable tolling. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."[50] A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[51] This standard requires "reasonable diligence, not maximum feasible diligence."[52] "Equitable tolling is permissible only in rare and exceptional circumstances," and is not extended "to instances of excusable neglect."[53] "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[54]

Defendant does not argue that equitable tolling applies nor does the Court find that this case presents a "rare" or "exceptional" circumstance that permits the application of equitable tolling.[55] Equitable tolling does not apply.

---

*See Thompson*, 670 F. Supp. 3d at 386 (citing *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021)).

[49] *See, e.g.*, *Davis v. United States*, No. 3:23-CV-2104-D, 2024 WL 2854268, at *2 (N.D. Tex. June 5, 2024).

[50] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

[51] *United States v. Jackson*, 470 F. App'x. 324, 329 (5th Cir. 2012) (citations and quotations omitted).

[52] *Id.* (citations and quotations omitted).

[53] *Id.* (citations and quotations omitted).

[54] *Id.* (citations and quotations omitted).

[55] *See, e.g.*, *Contreras-Orosco v. United States*, No. 3:17-CR-00258-M-1, 2024 WL 4341551, at *2-3 (N.D. Tex. Sept. 27, 2024) (rejecting movant's arguments for equitable tolling after previously rejecting his arguments that *Bruen* created a newly established right under § 2255(f)(3)).

As a result, the Court finds Defendant's § 2255 motion is untimely.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Motion for Relief from Judgment is **DENIED.**[56]

**New Orleans, Louisiana, this 23rd day of December, 2024.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] R. Doc. 47.